# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ZACHARY SIMONOFF, as guardian for Fourough Bakhtiar, | CASE NO. 1:17 CV 2574 |
| Plaintiff, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OPINION |
| MEHDI SAGHAFI, *et al.*, | AND ORDER |
| Defendants. | |

This matter comes before the Court upon Defendants' Emergency Motion to Stay Execution of Order Granting Preliminary and Permanent Mandatory Injunction and to Freeze Assets in the Franklin Templeton Accounts. (ECF #53)

Defendants seek to stay execution of this Court's Order Granting Plaintiff's Motion for Mandatory Injunctive Relief entered on March 30, 2018. (ECF #51). Pursuant to Fed. R. Civ. P. 62(c), a court may, in its discretion, stay an order granting an injunction, pending an appeal. Rule 62(c) provides in relevant part:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

In deciding whether a stay should be granted, the parties agree that the Court should consider essentially the same factors that the Court considered when it reviewed Plaintiff's

request for a preliminary and permanent injunction:

    (1) the likelihood of [the movant] prevailing on the merits of the appeal;

    (2) whether the moving party will suffer irreparable injury if the stay is denied;

    (3) whether the issuance of the stay would substantially injure the other parties to the appeal; and

    (4) consideration of the public interest.

*Holden v. Heckler*, 584 F.Supp. 463, 497 (N.D. Ohio 1984); *Sandusky County Democratic Party v. Blackwell*, 340 F.Supp.2d 810, 812 (N.D. Ohio 2004) (citations omitted.)

    Here, Defendants fail to make the required showing. First, while Defendants assert that they intend to appeal this Court's Order, no appeal appears to have been taken as of this date. Moreover, even assuming that Defendants appeal this Court's Order, Defendants offer no new argument or information that would counter or overcome the Court's recent decision that Plaintiff satisfied these elements sufficient to grant his motion for injunctive relief. Indeed, other Courts have recognized the heavy burden that a party seeking a stay of injunctive relief bears in asking a court to completely reverse its findings regarding a recently entered injunction. See *U.S. Student Association Foundation v. Land*, 546 F.3d 373, 389 (6th Cir. 2008); *O'Brien v. Appomattox County*, W.D. Vir. No. Civ.A.6:02 CV 00043, 2002 WL 31663226, *1 (Nov. 15, 2002). After carefully reviewing Defendants' Motion and supporting material, the Court finds that Defendants have not met this burden. Defendants have not shown a substantial likelihood of success on the merits of the appeal they have not yet taken nor have they shown that they will suffer irreparable injury absent entry of a stay or that the public interest favors entry of a stay.

Accordingly, Defendants' Emergency Motion for a Stay is denied.

IT IS SO ORDERED.

DATED: April 18, 2018

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE