IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZACHARY SIMONOFF, ) <br> as Guardian for Fourough Bakhtiar, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> MEDHI SAGHAFI, M.D., et al., ) <br> ) <br> Defendants. ) | CASE NO. 1:17 CV 2574 <br><br> JUDGE DONALD C. NUGENT <br><br> MEMORANDUM OPINION <br> AND ORDER |

This matter is before the Court on the Combined Motion for Attorney Fees, Costs and Sanctions filed by Plaintiff, Zachary Simonoff ("Mr. Simonoff"), as Guardian for Fourough Bakhtiar ("Mrs. Saghafi"). (Docket #85.) Mr. Simonoff argues that the Saghafi Defendants – Medhi Saghafi; Mehdi Saghafi, M.D., Inc.; Mehdi Saghafi, M.D., Inc. Profit-Sharing Plant & Trust U/A Dated January 13, 1975; and, Mehdi Saghafi M.D., Inc. Profit-Sharing Money Purchase Plan U/A Dated January 13, 1975 – together with Counsel, Charles V. Longo, caused Mr. Simonoff to incur significant expense in forcing the Saghafi Defendants' compliance with Qualified Domestic Relations Orders ("QDROs") issued by the Cuyahoga County Court of Common Pleas Domestic Relations Division ("the Domestic Relations Court"). Further, Mr. Simonoff asserts that the Saghafi Defendants and Counsel raised frivolous defenses and asserted frivolous and meritless claims against Mr. Simonoff in their Counterclaim, causing further litigation expense without justification.

## I. Factual and Procedural Background.

Mr. Simonoff filed the instant lawsuit on December 11, 2017 against the Saghafi Defendants and Franklin Templeton Investor Services LLC, seeking to enforce QDROs issued by the Domestic Relations Court, which ordered the distribution of certain marital assets to Mrs. Saghafi from the Mehdi Saghafi, M.D., Inc. Profit-Sharing Plant & Trust U/A Dated January 13, 1975 and the Mehdi Saghafi M.D., Inc. Profit-Sharing Money Purchase Plan U/A Dated January 13, 1975.

In their Amended Answer and Counterclaim, the Saghafi Defendants alleged conversion and fraud against Mr. Simonoff (Counts I and II), asserting he converted assets and funds rightfully owned by Dr. Saghafi through the Guardianship and ignored his duties and obligations as Guardian in order to defraud Dr. Saghafi. The Saghafi Defendants asked the Court to enter a declaratory judgment (Count III), finding (a) that the Cuyahoga County Court of Common Pleas Domestic Relations Court lacked personal jurisdiction over Mrs. Saghafi in the Divorce Case, as it proceeded based on the alleged intentional misrepresentations of Mr. Simonoff that Mrs. Saghafi was competent; (b) that all judgment entries issued in the Divorce Action were void; (c) that the QDRO was void and unenforceable; (d) that the Guardianship had no right or interest in the Pension or Profit Sharing Funds owned by or held for the benefit of Dr. Saghafi; and, (e) that the Saghafi Defendants were entitled to all attorney fees, costs and expenses incurred. The Saghafi Defendants asserted that the Domestic Relations Court lacked personal jurisdiction over Mrs. Saghafi due to her incompetency (Count IV) and asked that the Court "not enforce the QDRO in light of the fraud perpetrated upon the Domestic Relations Court" and "collaterally attach and invalidate all Divorce Action judgment entries, including, but not limited to the

QDRO." The Saghafi Defendants alleged abuse of process under Ohio law (Count V), claiming the Divorce Action was initiated and adjudicated in a proper form, but for perverted and ulterior reasons (Mr. Simonoff's personal interests and financial gain) and without probable cause. The Saghafi Defendants alleged a Civil claim under the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* (Count VI). Finally, the Saghafi Defendants asserted a claim for loss of consortium (Count VII). The Saghafi Defendants also made passing reference to the "Elder Abuse Prevention and Prosecution Act" and a violation of their Constitutional rights. (Complaint at Paragraph 12.)

On March 26, 2018, Mr. Simonoff filed a Motion to Dismiss the Saghafi Defendants' Counterclaim. (Docket #46.)

On March 30, 2018, the Court granted Mr. Simonoff's Motion for Mandatory Injunctive Relief against the Saghafi Defendants and Ordered Franklin Templeton to transfer funds in accordance with the terms of the QDROs issued by the Domestic Relations Court. (Docket #51.)

On September 24, 2018, this Court granted Mr. Simonoff's Motion to Dismiss the Saghafi Defendants' Counterclaims, finding that the *Rooker-Feldman* Doctrine barred the Saghafi Defendants from relitigating claims actually raised in State Court proceedings, as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983). (Docket #87.)

On September 10, 2018, Mr. Simonoff filed the instant motion seeking an award of attorney fees, costs and sanctions pursuant to Fed. R. Civ. P. 11; 29 U.S.C. § 1132(g)(1); and/or,

the Court's inherent powers to levy such a penalty. Mr. Simonoff asserts that this lawsuit was the result of the Saghafi Defendants' failure to comply with the QDROs issued by the Domestic Relations Court and that the Saghafi Defendants raised frivolous defenses and claims throughout the course of these proceedings.

## II. Discussion.

### A. Attorney Fees and Costs Under ERISA.

29 U.S.C. § 1132(g)(1) provides that in an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In determining whether an award of fees is appropriate, the Court examines: 1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, 581 F.3d 355, 376 (6th Cir. 2009) (quoting *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642 (6th Cir. 2006) (per curiam)); accord *Secretary of Dep't of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985) (adopting the five-factor test). "No single factor is determinative, and thus, the district court must consider each factor before exercising its discretion." *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008) (quoting *Moon*, 461 F.3d at 642-43) (internal quotation marks omitted). There is no presumption in the Sixth Circuit that attorney fees "should ordinarily be awarded to the prevailing plaintiff." *Majestic Star Casino*, 581 F.3d at 376-77 (quoting *First Trust Corp. v. Bryant*, 410 F.3d 842, 851 (6th Cir. 2005)) (internal quotation marks omitted).

The Saghafi Defendants do not dispute their ability to satisfy an award of attorney fees in this case; Mr. Simonoff concedes that the "common benefit" factor has no application in this case; and, while Mr. Simonoff argues that an award of attorney fees in this case would deter others from disobeying court orders, the unique facts and circumstances at issue in this domestic relations dispute make arguments regarding a universal deterrent effect less persuasive. Therefore, the Saghafi Defendants culpability or bad faith, along with the relative merits of the Parties' positions, must be examined and weighed by the Court.

On March 30, 2018, this Court granted Mr. Simonoff's Motion for Mandatory Injunctive Relief, finding Plaintiff had clearly demonstrated that Mrs. Saghafi was entitled to benefits pursuant to valid QDROs issued by the Domestic Relations Court and that compliance with the QDROs was unduly delayed by the Saghafi Defendants. Thus, as it relates to ERISA, a review of the relative merits of the Parties' positions weighs in favor of Mr. Simonoff. However, the Court does not find the requisite culpability or bad faith on the part of the Saghafi Defendants necessary to justify an award of attorney fees and costs pursuant to ERISA under the facts and circumstances in this case. In filing this lawsuit, Mr. Simonoff sought compliance with QDROs issued by the Domestic Relations Court. The Saghafi Defendants disputed the validity of the QDROs and an appeal of the QDROs remained pending in State Court at the time Mr. Simonoff filed this lawsuit. While the Court ultimately ordered compliance with the directives set forth in the QDROs, Mr. Simonoff has failed to sufficiently persuade the Court that bad faith or other culpable conduct on the part of the Saghafi Defendants motivated their failure to comply with the Orders issued by the Domestic Relations Court. Accordingly, weighing all of the necessary factors, the Court finds an award of attorney fees and costs under ERISA to be unwarranted.

Likewise, the Saghafi Defendants' conduct before this Court does not warrant sanctions under Rule 11 and the Court finds no additional basis upon which to award attorney fees or costs, or by which to levy sanctions, against the Saghafi Defendants. Fed. R. of Civ. P. 11 "affords the district court the discretion to award sanctions when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a non-frivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510 (6th Cir. 2002) (citing Fed. R. Civ. P. 11(b)(1)-(3)). Sanctions are appropriate if the conduct for which sanctions are sought "was not 'reasonable under the circumstances.'" *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006)(quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)). Rule 11 sanctions may be awarded only if "conduct in the litigation was objectively unreasonable," or if there was no reasonable basis for making a claim. *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014).

During the pendency of this lawsuit, the Parties participated in several conferences with the Court and filed numerous motions. The Court has thoroughly reviewed the entire record. Proceedings in this case and the underlying State Court proceedings have been complex, contentious and emotional, with Counsel for both Parties advocating zealously for their respective clients. Throughout this case, and throughout the underlying State Court proceedings, the Saghafi Defendants have consistently maintained their position that the underlying State Court proceedings were rife with error, thereby rendering decisions by both the Probate and Domestic Relations Court void; precipitating the Saghafi Defendants noncompliance with the QDROs; and, ultimately resulting in Mr. Simonoff's action for injunctive relief in this Court.

Although this Court never reached the merits of the Saghafi Defendants' Counterclaims and determined that the said claims are barred from review under the *Rooker-Feldman Doctrine* and/or that State court review would be more appropriate, the Court finds that the Counterclaims raised by the Saghafi Defendants were reasonable based on the procedural history and unusual circumstances in this case. Thus, Mr. Simonoff is not entitled to sanctions under Rule 11, nor attorney fees, costs or sanctions under any other rule or statute.

### III. Conclusion.

For the foregoing reasons, the Combined Motion for Attorney Fees, Costs and Sanctions Against Saghafi Defendants and Counsel (Docket #85) is hereby DENIED.

IT IS SO ORDERED.

                                                      s/Donald C. Nugent
                                                      DONALD C. NUGENT
                                                      Senior United States District Judge

DATED: November 16, 2018